UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JAN 16 2019

David J. Bradley, Clerk of Court

| UNITED STATES OF AMERICA | § |
|---|---|
| vs. | § |

**19 CR 036**

CRIMINAL NO.

**SEALED**

6. **CARLOS ARTURO SALAZAR-BENAVIDES**
   *aka Lazaro, aka Olimpo*  (Counts 1, 5-7, 12)

### INDICTMENT

THE GRAND JURY CHARGES:

#### COUNT ONE
*[21 U.S.C. §963 & 959(a) - Conspiracy to Distribute Controlled Substance for Purpose of Unlawful Importation]*

From on or about January 1, 2017, and continuing thereafter up to and including the date of this indictment, in the Southern District of Texas, the Republics of Colombia, Guatemala and Panama, and elsewhere, and within the jurisdiction of this court, the defendants,





**CARLOS ARTURO SALAZAR-BENAVIDES**

did knowingly and intentionally combine, conspire, confederate and agree together and with persons known and unknown to the Grand Jury, to commit offenses defined in Title 21, United States Code, Section 959(a), namely, to distribute a controlled substance, which offense involved five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending, knowing and having reasonable cause to believe that said cocaine would be unlawfully imported into the United States, all in violation of Title 21, United States Code, Sections 959(a), 960(b)(1)(B) and 963.

## COUNT TWO
*[18 U.S.C. §1956(h) - Conspiracy to Launder Monetary Instruments]*

From on or about February 1, 2017 and continuing thereafter up to and including the date of this indictment, in the Southern District of Texas and the Republic of Guatemala and elsewhere, and within the jurisdiction of this Court, the defendants,



did knowingly, intentionally and unlawfully combine, conspire, confederate and agree together and with persons known and unknown to the grand jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

(a) to transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States, to wit: the Republic of Guatemala, with the intent to promote the carrying on of said specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(A); and

(b) to transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States, to wit: the Republic of Guatemala, knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of 18 U.S.C. §1956(a)(2)(B)(i).

All in violation of 18 U.S.C. §§§1956 (a)(2)(A) and (a)(2)(B)(i), and 1956(h).

## COUNT THREE
### [18 U.S.C. §1956 Laundering of Monetary Instruments]

From on or about February 16, 2017, in the Southern District of Texas, the Republic of Guatemala, and elsewhere, and within the jurisdiction of this court, the defendants,

[REDACTED]

did knowingly and intentionally, aid, abet and assist each other to transport, transmit, and transfer and attempt to transport, transmit and transfer a monetary instrument and funds from a place in the United States to the Republic of Guatemala with the intent to promote the carrying on a specified unlawful activity and knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said specified unlawful activity, all in violation of 18 U.S.C. §§1956 (a)(2)(A), (a)(2)(B)(i) and Title 18, United States Code, §2.

## COUNT FOUR
### [21 U.S.C. §959(a) – International Cocaine Distribution]

From on or about February 28, 2017, in the Southern District of Texas, the Republic of Guatemala, and elsewhere, and within the jurisdiction of this court, the defendants,



did knowingly and intentionally aid, abet and assist each other to distribute a controlled substance, which offense involved five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending, knowing and having reasonable cause to believe that said cocaine would be unlawfully imported into the United States, all in violation of Title 21, United States Code, Sections 959(a) and 960(b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT FIVE
### [21 U.S.C. §959(a) – International Cocaine Distribution]

From on or about April 21 through April 22, 2017, in the Southern District of Texas, the Republics of Colombia and Panama, and elsewhere, and within the jurisdiction of this court, the defendants,



**CARLOS ARTURO SALAZAR-BENAVIDES**

did knowingly and intentionally aid, abet and assist each other to distribute a controlled substance, which offense involved five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending, knowing and having reasonable cause to believe that said cocaine would be unlawfully imported into the United States,

all in violation of Title 21, United States Code, Sections 959(a) and 960(b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT SIX
### [21 U.S.C. §959(a) – International Cocaine Distribution]

From on or about May 10 through May 19, 2017, in the Southern District of Texas, the Republics of Colombia and Panama, and elsewhere, and within the jurisdiction of this court, the defendants,

**CARLOS ARTURO SALAZAR-BENAVIDES**

did knowingly and intentionally aid, abet and assist each other to distribute a controlled substance, which offense involved five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending, knowing and having reasonable cause to believe that said cocaine would be unlawfully imported into the United States, all in violation of Title 21, United States Code, Sections 959(a) and 960(b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT SEVEN
### [21 U.S.C. §959(a) – International Cocaine Distribution]

From on or about June 9, 2017, in the Southern District of Texas, the Republics of Colombia and Panama and elsewhere, and within the jurisdiction of this court, the defendants,

**CARLOS ARTURO SALAZAR-BENAVIDES**

did knowingly and intentionally aid, abet and assist each other to distribute a controlled substance, which offense involved five (5) kilograms or more of a mixture or substance containing a

detectable amount of cocaine, a Schedule II controlled substance, intending, knowing and having reasonable cause to believe that said cocaine would be unlawfully imported into the United States, all in violation of Title 21, United States Code, Sections 959(a) and 960(b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT EIGHT
### [18 U.S.C. §1956 Laundering of Monetary Instruments]

From on or about June 17, 2017, in the Southern District of Texas, the Republic of Guatemala, and elsewhere, and within the jurisdiction of this court, the defendants,

did knowingly and intentionally, aid, abet and assist each other to transport, transmit, and transfer and attempt to transport, transmit and transfer a monetary instrument and funds from a place in the United States to the Republic of Guatemala with the intent to promote the carrying on a specified unlawful activity and knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said specified unlawful activity,

All in violation of 18 U.S.C. §§1956 (a)(2)(A), (a)(2)(B)(i) and Title 18, U.S.C. §2.

## COUNT NINE
### [21 U.S.C. §959(a) – International Cocaine Distribution]

From on or about August 3, 2017, in the Southern District of Texas, the Republics of Colombia and Panama, and elsewhere, and within the jurisdiction of this court, the defendants,



did knowingly and intentionally aid, abet and assist each other to distribute a controlled substance, which offense involved five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending, knowing and having reasonable cause to believe that said cocaine would be unlawfully imported into the United States, all in violation of Title 21, United States Code, Sections 959(a) and 960(b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT TEN
### [21 U.S.C. §959(a) – International Cocaine Distribution]

From on or about August 25, 2017, in the Southern District of Texas and the Republics of Colombia and Panama and elsewhere, and within the jurisdiction of this Court, the defendants,



did knowingly and intentionally aid, abet and assist each other to distribute a controlled substance, which offense involved five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending, knowing and having reasonable cause to believe that said cocaine would be unlawfully imported into the United States, all in violation of Title 21, United States Code, Sections 959(a) and 960(b)(1)(B) and Title 18,

United States Code, Section 2.

## COUNT ELEVEN
### [21 U.S.C. §959(a) – International Cocaine Distribution]

From on or about August 29, 2017, in the Southern District of Texas and the Republics of Colombia and Guatemala and elsewhere, and within the jurisdiction of this Court, the defendant,

did knowingly and intentionally aid, abet and assist each other to distribute a controlled substance, which offense involved five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending, knowing and having reasonable cause to believe that said cocaine would be unlawfully imported into the United States, all in violation of Title 21, United States Code, Sections 959(a) and 960(b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT TWELVE
### [21 U.S.C. §959(a) – International Cocaine Distribution]

From on or about October 08, 2017, in the Southern District of Texas and the Republics of Panama and Colombia and elsewhere, and within the jurisdiction of this Court, the defendants,

**CARLOS ARTURO SALAZAR-BENAVIDES**

did knowingly and intentionally aid, abet and assist each other to distribute a controlled substance, which offense involved five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending, knowing and having

8

Case 4:19-cr-00036 *SEALED* Document 1 Filed in TXSD on 01/16/19 Page 9 of 11

reasonable cause to believe that said cocaine would be unlawfully imported into the United States, all in violation of Title 21, United States Code, Sections 959(a) and 960(b)(1)(B) and Title 18, United States Code, Section 2.

### COUNT THIRTEEN
### [21 U.S.C. §959(a) – International Cocaine Distribution]

From on or about October 16, 2017, in the Southern District of Texas and the Republic of Colombia and Panama and elsewhere, and within the jurisdiction of this Court, the defendant,

did knowingly and intentionally aid, abet and assist each other to distribute a controlled substance, which offense involved five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending, knowing and having reasonable cause to believe that said cocaine would be unlawfully imported into the United States, all in violation of Title 21, United States Code, Sections 959(a) and 960(b)(1)(B) and Title 18, United States Code, Section 2.

### NOTICE OF CRIMINAL FORFEITURE
### 21 U.S.C. § 853 and 970

Pursuant to Title 18, United States Code, Sections 853 and 970, the United States of America gives notice to the defendants:



**CARLOS ARTURO SALAZAR-BENAVIDES**



that in the event of conviction of an offense in violation of Title 21, United States Code, Sections 959, 960, and 963, as charged in this Indictment, the following is subject to forfeiture:

(1) all property constituting, or derived from, any proceeds obtained, directly or indirectly, from such violation; and

(2) all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

## NOTICE OF CRIMINAL FORFEITURE
### 18 U.S.C. § 982(a)(1)

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice to the defendants,



that upon conviction of an offense in violation of Title 18, United States Code, Section 1956, all property, real or personal, involved in such offense or traceable to such property, is subject to forfeiture.

## MONEY JUDGMENT

Defendants are notified that upon conviction, the United States may seek the imposition of a money judgment.

## SUBSTITUTE ASSETS

In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of the defendants up to the

total value of the property subject to forfeiture.

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE
FOREPERSON OF THE GRAND JURY

RYAN K. PATRICK
United States Attorney

By: _____
Eric D. Smith
Assistant United States Attorney